UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CLARENCE STEVENSON, as Administrator of the Estate of MICHAEL ANTHONY STEVENSON, deceased, and CLARENCE STEVENSON, individually,

                        Plaintiff,

  -against-

THE COUNTY OF ORANGE, ORANGE COUNTY SHERIFF PAUL ARTETA, ADRIENNE CUPERTINO (RN), CHRISTINA SAVANT (Supervisor), ELIZABETH WARD (Supervisor), TASHA JURACEK (RN), NATASHA GIRARD (RN), BRENDON BARCLAY (RN), individually, and as employees of ORANGE COUNTY CORRECTIONAL FACILITY,

                        Defendants.

No. 23-CV-6959 (NSR)

**OPINION & ORDER**

---

NELSON S. ROMÁN, United States District Judge:

Plaintiff, Clarence Stevenson, as Administrator of the Estate of Michael Anthony Stevenson, deceased, and Clarence Stevenson, individually ("Plaintiffs"), brings this action under 42 U.S.C. § 1983, asserting claims of constitutionally inadequate medical care under the Fourteenth Amendment, as well as a claim of *respondeat superior* against various supervisors and officials, and a single state law claim of pain and suffering. (*See* Amended Complaint ("Amend. Compl.", ECF No. 32.) Plaintiffs sue staff members employed by the Orange County Correctional Facility including Adrienne Cupertino (RN), Christina Savant (Supervisor), Elizabeth Ward (Supervisor), Tasha Juracek (RN), Natasha Girard (RN), Brendon Barclay (RN), as well the Orange County Sheriff, Paul Arteta, and Orange County itself as a municipality (Collectively, "Defendants").

1

Pursuant to Federal Rules of Civil Procedure 12(b)(6), the Defendants have moved to dismiss the Amended Complaint. ("Motion", ECF No. 36.) For the following reasons, Defendants' Motion is GRANTED.

## FACTUAL BACKGROUND

### A. General Allegations

Mr. Stevenson was incarcerated at Orange County Correctional Facility from July 15, 2020, until his death on September 8, 2021. (Amend. Compl. at 1.) During his incarceration, Mr. Stevenson regularly complained of chest pain and was eventually diagnosed with sinus bradycardia. (*Id*. at 4.) Plaintiffs detail in the Amended Complaint that Mr. Stevenson complained of chest pain more than twenty times during his detention at Orange County Correctional. (*Id*. at 5.) According to the Amended Complaint, the attending physician wrote on Mr. Stevenson's discharge instructions that he was to be returned to the emergency room if his symptoms continued or worsened. (*Id*.) Plaintiffs allege that one of Mr. Stevenson's physicians requested a follow-up appointment with Mr. Stevenson shortly after his discharge. Plaintiffs further allege that, though Mr. Stevenson was attended to by several nurses when he complained of chest pains, he was never taken to the emergency room to see a physician or for his follow-up appointments, per the discharge instructions. (*Id*.)

### A. Specific Factual Allegations

On July 25, 2020, Mr. Stevenson was taken to Garnet Health Medical Center for severe chest pain where he was diagnosed with sinus bradycardia. (*Id.* at 4.) Mr. Stevenson was discharged on July 27, 2020 with instructions for him to schedule an appointment with a physician to discuss possible surgery and to make a separate appointment with another physician to discuss

post-hospitalization. (*Id*.) Plaintiffs allege that Mr. Stevenson was never taken to his follow-up appointments. (*Id*.)

On July 1, 2021, Mr. Stevenson was again taken to Garnet Health Medical Center for an evaluation and was released after two days. (*Id*. at 4.) Mr. Stevenson's discharge instructions stated, "[r]eturn to the ED immediately for any worsening symptoms, or any fever, chest pain, shortness of breath, vision changes, vomiting, or any other concerns as discussed." (*Id*. at 5.) Plaintiffs further allege that the defendants were told by the attending physician that Mr. Stevenson would die if he was not returned for treatment. (*Id*. at 9.) This same physician requested a follow-up with Mr. Stevenson, but no follow-up was ever scheduled. (*Id*.) Later that month, on July 27, 2021, Mr. Stevenson was found on the floor of his cell and was unable to stand. (*Id*.) Following this incident, Mr. Stevenson was not seen by a physician or sent to the hospital. (*Id*.) Plaintiffs allege that the following day, Mr. Stevenson again complained of chest pain and specifically requested to see a physician but that this request was denied by one of the Defendants. Plaintiffs allege that Mr. Stevenson filed several grievances due to denial of proper medical care. (*Id*. at 6.)

Mr. Stevenson continued to complain of chest pain regularly throughout his detention but was never seen by a physician and was never taken to the hospital. (*Id*. at 5.) On September 8, 2021, Mr. Stevenson was found unresponsive in his cell and was pronounced dead. (*Id*.) The Amended Complaint states that Mr. Stevenson died as a result of his heart condition. (*Id* at 10.)

Plaintiffs allege that the various nurses that attended to Mr. Stevenson knew of his diagnosis, his discharge instructions, and his follow-up appointments but ignored them. Moreover, plaintiffs allege that Defendants Christina Savant and Elizabeth Ward (medical supervisors within Orange County Correctional) and Sheriff Paul Arteta failed to properly supervise Mr. Stevenson's nurses and that they approved of the nurses' decisions to ignore Mr. Stevenson's discharge

instructions. Plaintiffs allege that Defendants Savant, Ward, and Arteta had access to inmate medical charts and that they reviewed the nurses' notes. (*Id*.) Plaintiffs further allege that Defendants Savant, Ward, and Arteta failed to maintain a policy to follow hospital instructions or medical instructions. (*Id*.) Plaintiffs also allege that Defendants Savant, Ward, and Arteta knew of Mr. Stevenson's serious medical condition and intentionally denied him proper medical care. (*Id.* at 11) Plaintiffs claim that Defendants' reason for not obtaining proper medical care for Mr. Stevenson was because he was an inmate that they did not want to waste resources on and that they thought that he was faking his heart condition. (*Id*. at 5.) Plaintiffs further allege that Defendants committed deliberate indifference while on duty working for Orange County and that Defendants' acts were in furtherance of Orange County's business, therefore, making Orange County liable under a theory of *respondeat superior*. (*Id*. at 14.) And finally, Plaintiffs allege common law tort claims of pain and suffering. (*Id*. at 15.)

## PROCEDURAL HISTORY

On August 7, 2023, Plaintiff filed the original Complaint. (ECF No. 1.) On February 25, 2024, Plaintiff filed an Amended Complaint. (ECF No. 32.) The Amended Complaint is the operative complaint. Defendants filed this Motion on May 8, 2024. (ECF No. 36), as well as a memorandum of law ("Defs.' MoL.", ECF No. 38) and reply (ECF No. 41), in support thereof. Plaintiffs filed an opposition to Defs.' MoL. (ECF No. 40.)

## LEGAL STANDARDS

### A. Rule 12(b)(6) Motion to Dismiss Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether a complaint states a claim upon which relief can be granted, the court "begins by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but has not shown that the pleader is entitled to relief. *Id*.

When reviewing a 12(b)(6) motion, courts are generally confined to the "four corners of a complaint." *Perez v. Westchester Foreign Autos, Inc.*, No. 11-CV-6091, 2013 WL 749497, at *5 (S.D.N.Y. Feb. 28, 2013) (citing *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)). As part of its review, courts are also entitled to consider documents attached to the complaint or incorporated in it by reference—i.e., documents integral to the complaint and that the complaint relied upon in bringing the suit. *See Heckman v. Town of Hempstead*, 568 F. App'x 41, 43 (2d Cir. 2014) (citing *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir.2000)).

**B. 42 U.S.C. § 1983 Claims**

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121,

127 (2d Cir. 2010). To state a claim under Section 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

## DISCUSSION

Plaintiffs' Amended Complaint asserts claims arising under the Fourteenth Amendment and state tort law. Specifically, Plaintiffs allege deliberate indifference to Mr. Stevenson's medical needs. In their Motion, Defendants assert several grounds warranting dismissal of Plaintiffs' claims: (1) that the Amended Complaint fails to state a deliberate indifference claim against the Sheriff and the Individual Nurse Defendants; (2) the Amended Complaint fails to state a *Monell* claim against the County Defendants; (3) that *respondeat superior* is not a cognizable federal or state law claim; and (4) to the extent Plaintiff attempted to plead other state law claims, he did not comply with Article 50 of the New York State General Municipal Law. (*See* Defs.' MoL. at 2.)

**<u>Lack of Personal Involvement</u>**

Plaintiffs fail to establish the personal involvement of Defendants Savant, Ward, and Arteta. It is well settled that to hold a defendant responsible for a constitutional deprivation, a plaintiff must demonstrate, among other things, the defendant's personal involvement in the deprivation. *Grullon v. City of New Haven*, 720 F.3d 133, 138–39 (2d Cir. 2013). To do so, the plaintiff must "allege a tangible connection between the acts of a [d]efendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). A showing of personal involvement is a prerequisite to an award of damages under 42 U.S.C. § 1983. *Boley v. Durets*, 687 Fed. Appx. 40, 41 (2d Cir. 2017); *see also McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977).

Claims involving prison officials "require[] a showing of more than the linkage in the prison chain of command." *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985). Simply being a supervisor is not enough to impute personal involvement onto a defendant; liability exists only where the "defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676); *see also Al-Jundi v. Estate of Rockefeller*, 885 F.2d 1060 (2d Cir. 1989) ("The general doctrine of respondeat superior does not suffice and a showing of some personal responsibility of the [d]efendant is required.") Failing to allege that a defendant was personally involved in, or responsible for, the conduct complained of renders a complaint "fatally defective on its face." *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987) (internal quotation marks omitted).

Plaintiffs plead no factual allegations that show Defendants Savant, Ward, and Arteta were involved in any decisions relating to Mr. Stevenson's medical care or that they were otherwise aware of Mr. Stevenson's medical condition. Plaintiffs do not assert, for example, that pursuant to official policy Defendants Savant, Ward, and Arteta as part of their job responsibilities are required to personally review each inmate's medical records and make determinations of medical attention based on their review. Or that they, in fact, did so with respect to Mr. Stevenson. Instead, Plaintiffs assert, without more, that Defendants Savant, Ward, and Arteta have access to medical records, and therefore, knew of Mr. Stevenson's complaints of chest pain. Plaintiffs provide no facts to undergird their assertion that Defendants Savant, Ward, and Arteta actually reviewed the relevant medical records and that these records put them on notice of Mr. Stevenson's medical condition. These sorts of "'naked assertions' devoid of 'further factual enhancement'" are precisely what *Iqbal* and *Twombly* counsel against. *Iqbal*, 556 U.S. at 678. Complaints containing such naked assertions fail to nudge their claims "across the line from conceivable to plausible" as Rule 8 of

the Federal Rules of Civil Procedure requires. *Id*. at 680.  Accordingly, Plaintiffs' claims against Defendants Savant, Ward, and Arteta are dismissed.

**Fourteenth Amendment Deliberate Indifference Claim**[1]

Plaintiffs claim that Defendants Adrienne Cupertino, Christina Savant, Elizabeth Ward, Tasha Juracek, Natasha Girard, and Brendon Barclay (each of whom are nurses or medical supervisors within Orange County Correctional) were deliberately indifferent to Mr. Stevenson's medical needs. Plaintiffs fail to establish these claims. As a pre-trial detainee at the time of the alleged conduct, Plaintiffs' claims falls under the Due Process clause of the Fourteenth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). To sustain a claim of deliberate indifference to medical needs, Plaintiffs must establish: (1) that the deprivation of medical care was sufficiently serious; and (2) that the defendants acted or failed to act with a sufficiently culpable state of mind. *See Smith v. Outlaw*, No. 15-CV-9961 (RA), 2017 WL 4417699 (S.D.N.Y. Sept. 30, 2017); *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006).

**Sufficiently Serious Deprivation**

Whether a deprivation of medical care was sufficiently serious is guided by two inquiries: (1) whether the detainee was actually deprived; and (2) whether the inadequacy in medical care was sufficiently serious. *Id* at 280. Plaintiffs' Amended Complaint asserts that Mr. Stevenson was deprived medical care when (1) Mr. Stevenson was to be taken to follow-up appointments to consult with a physician but Defendants failed to do so; (2) when Mr. Stevenson was not taken to see a physician following repeated complaints of chest pain despite being given discharge instructions that he should return to the ED if, among other things, his symptoms worsened; and

---

[1] Both the Plaintiff and Defendant point the Court to the Eighth Amendment as the analytical framework (or identical framework) for a pre-trial detainee's claim of deliberate indifference. This is incorrect. The Second Circuit clarified that the appropriate basis is the Fourteenth Amendment, which uses a different standard. *See Darnell v. Pineiro*, 849 F.3d 17 (2d Cir. 2017).

(3) when he was denied access to a physician following one event when Mr. Stevenson was found on the floor of his cell unable to stand and another when he complained of chest pain and specifically requested to see a physician but was denied by one of the Defendants.

Plaintiffs fail to establish that Mr. Stevenson was actually deprived of medical care. To buttress their claims, Plaintiffs submitted Mr. Stevenson's medical records to the Court, as an attachment to the Complaint, as an integral document that was relied upon in bringing the suit, which the Court may consider for purposes of this motion as part of the complaint. *See* Konan Aff, Exhibit A. Upon examination of the medical records submitted by Plaintiffs, the instructions to schedule a follow-up appointment were directed at Mr. Stevenson and there is no further factual support contained in the medical records or Plaintiffs' Amended Complaint that the defendants were aware of Mr. Stevenson's need for a follow-up visit or that they were responsible for scheduling one. The medical records also indicate that Mr. Stevenson's discharge instructions to return if symptoms worsened were related to a concussion that Mr. Stevenson suffered, not Mr. Stevenson's heart condition. Plaintiffs also claim that Mr. Stevenson was denied medical care after being found in his cell unable to stand and on another occasion when he specifically requested to see a physician but was denied by one of the Defendants.[2] The medical records show that Mr. Stevenson was seen by physicians for chest pain on nine separate occasions and Plaintiffs admit that various nurses (including certain Defendants) examined Mr. Stevenson each time Mr. Stevenson complained of chest pains. (Amend. Compl. at 8.) As a result, Plaintiffs cannot claim that Mr. Stevenson was completely denied medical care. Instead, they can only disagree with the kind of care that he was given—specifically, that he should have seen a physician each time that

---

[2] Plaintiffs also generally claim that Mr. Stevenson should have seen a physician each time that he complained of chest pain throughout his detention at Orange County Correctional.

he complained of chest pain.[3] This is not sufficient to sustain Plaintiffs' claim. The law is clear that "mere disagreement over the proper treatment does not create a constitutional claim," and "the fact that a prisoner might prefer a different treatment does not give rise to a[] violation." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). Accordingly, Plaintiffs fail to establish that Mr. Stevenson's deprivation of medical care was sufficiently serious.

### **Mens Rea**

In addition to showing that the medical deprivation was sufficiently serious, Plaintiffs must also show either (1) the Defendants "acted intentionally to impose the alleged condition;" or (2) the Defendants "recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the Defendants knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017). Plaintiffs have done neither.

First, Plaintiffs have not sufficiently shown that Defendants intentionally created the alleged deprivation. Plaintiffs' Amended Complaint asserts, among other things, that the Defendants knew of Mr. Stevenson's discharge instructions to schedule follow-up appointments, that Defendants knew he was to be returned to the hospital if his conditions worsened, and that Defendants knew of the severity of his condition. (Amend. Compl. at 7-9.) But as mentioned, the discharge instructions were either directed to Mr. Stevenson or unrelated to his heart condition or both. Moreover, there is no indication from the medical records that the Defendants had any knowledge of these instructions other than the Plaintiffs' naked assertions. And as to the Defendants' knowledge of the severity of Mr. Stevenson's condition, the Plaintiffs' Amended

---

[3] Even if Plaintiffs were to argue that Defendants' failure to bring Mr. Stevenson to a physician constituted negligence, claims of negligence—even those rising to the level of medical malpractice—are not sufficient to sustain a claim of deliberate indifference. *See Cuoco v. Moritsugu*, 222 F.3d 99 (2d Cir.2000).

10

Complaint contradicts itself. The Plaintiffs' Amended Complaint asserts that the Defendants knew of the severity of Mr. Stevenson's heart condition and at the same time that the Defendants believed that he was "faking his heart condition." (*Id*. at 5). Both cannot be true. Accordingly, Plaintiffs have failed to show that Defendants intentionally imposed the alleged conditions on Mr. Stevenson.

Second, Plaintiffs fail to show that the Defendants recklessly failed to act with reasonable care to mitigate the risk that the condition posed to Mr. Stevenson even though they knew, or should have known, that the condition posed an excessive risk to his health. As mentioned, according to the relevant medical records, Mr. Stevenson was taken to the hospital and seen by a physician nine times for chest pain and was regularly examined by a nurse when he otherwise complained of chest pain. Plaintiffs take issue that Mr. Stevenson was not seen by a physician following each complaint and assert that failure to do so was reckless. But such as here, "federal courts are reluctant to 'second guess medical judgments and constitutionalize [medical malpractice claims]' where the prisoner has actually received medical treatment." *Johnson v. Wright*, 234 F. Supp. 2d 352, 360 (S.D.N.Y. 2002) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). What's more, district courts have found that prison staff were not reckless when they consistently responded to the pre-trial detainee's complaints and provided treatment. *See Padilla v. Bobb-Diallo*, No. 9:17-CV-1150, 2020 WL 3038135, *9 (N.D.N.Y. Jan. 13, 2020); *Williams v. Sykes*, No. 9:17-CV-990, 2019 WL 2374116, *5 (N.D.N.Y. May 10, 2019). As a result, Plaintiffs have failed to show that Defendants recklessly failed to act with reasonable care to mitigate the risk to Mr. Stevenson. Accordingly, the claims against Defendants Adrienne Cupertino, Christina Savant, Elizabeth Ward, Tasha Juracek, Natasha

Girard, and Brendon Barclay are deemed dismissed due to failure to state a claim of deliberate indifference under the Due Process Clause of the Fourteenth Amendment.

### *Respondeat Superior*

Plaintiffs' Amended Complaint attempts to bring a claim of *respondeat superior* against Orange County. It is well settled that a municipality cannot be held liable under § 1983 on a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Accordingly, the claims against Orange County are deemed dismissed due to failure to state a claim.

### State Law Claim

Because the Court has dismissed all claims over which it had original jurisdiction it declines to exercise supplemental jurisdiction over the remaining state law claim. *See* 28 U.S.C. § 1367(c). Accordingly, the state claim is dismissed without prejudice.

### Leave to Amend

Courts are to "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Second Circuit has counseled courts not to dismiss a complaint with prejudice prior to issuing a ruling that highlights the "precise defects" of those claims. *Williams v. Citigroup Inc.,* 659 F.3d 208, 214 (2d Cir. 2011) (per curiam). Accordingly, the Court dismisses all of Plaintiffs' claims without prejudice, granting leave to amend their claims.

## CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss the Amended Complaint is GRANTED and all claims are dismissed without prejudice. Plaintiff is granted leave to file a Second Amended Complaint as to any claims that have not been dismissed with prejudice. If Plaintiff chooses to do so, Plaintiff will have until November 29, 2024, to file a Second Amended

Complaint. The Defendants are then directed to answer or otherwise respond by December 23, 2024.

If Plaintiff fails to file a Second Amended Complaint within the time allowed, and he or she cannot show good cause to excuse such failure, any claims dismissed without prejudice by this Order will be deemed dismissed with prejudice.

The Clerk of Court is kindly directed to terminate the motion at ECF No. 36.

Dated: October 18, 2024  
White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge